## HAYNE v. VAN EPPS.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

PAYMENT—PERSONS TO WHOM MADE—CONSIDERATION OF MORTGAGE.

    Where a mortgagor authorized the mortgagee to pay money, to se-
cure which the mortgage was given to an agent of the mortgagor, pay-
ments made by the mortgagee to any person other than such agent were
unauthorized.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Payment, §§ 7, 8.]

Appeal from Trial Term, Schenectady County.

Action by Levi Hayne against William E. Van Epps. From a
judgment for defendant, and from an order denying a motion for a
new trial, plaintiff appeals.   Reversed and remanded.

This is an action to recover the consideration of a bond and mort-
gage for the sum of $2,500, executed by the plaintiff to the defend-
ant on the 17th day of June, 1905, and which mortgage was recorded
the same day in the Schenectady county clerk's office.

Argued before SMITH, CHESTER, KELLOGG, and COCH-
RANE, JJ.

Frank Cooper, for appellant.
Henry V. Borst and George C. Stewart, for respondent.

COCHRANE, J.   Plaintiff was engaged in the construction of a
house in the city of Schenectady.   He applied to George C. Stewart to
procure for him a loan of $2,500, to be secured by a bond and a mort-
gage on the property on which said house was being constructed.
Stewart procured the loan of the defendant, and the bond and mort-
gage in question were executed.   Plaintiff agreed to pay Stewart
$75 for procuring the loan.   It was agreed that the consideration of
the bond and mortgage was to be paid in installments as the work on
the house progressed.   Plaintiff at the time gave to Stewart an order
on the defendant for $600 of the consideration of the bond and mort-
gage, and instructed Stewart to retain $75 for his compensation, and
to pay $525 to the Mohawk Valley Lumber Company or to one Burr,
its president, to which company the plaintiff was indebted for lumber.
Plaintiff was engaged in other building operations, and there were busi-
ness transactions between him and the Mohawk Valley Lumber Com-
pany, concerning not only the property on which the mortgage in
question was given, but also other property.   In December, 1905, plain-
tiff called on the defendant, with whom up to that time he had been
unacquainted, and demanded the balance of the consideration of the
the bond and mortgage.   He was then informed by the defendant
that he had paid the entire consideration either to Stewart or to Burr.
At that time the house covered by the mortgage was completed.   Plain-
tiff claimed on the trial to be entitled to recover the entire considera-
tion of the bond and mortgage, except the sum of $600, for which he
had given to the defendant the order to pay Stewart at the time the
bond and mortgage were executed.

The complaint was dismissed because in the opinion of the trial jus-
tice Stewart was the agent of the plaintiff, and had authority to receive

from the defendant the consideration of the bond and mortgage. We may assume for the purposes of this appeal, which, however, we do not decide as matter of law, that Stewart had such authority; but the judgment must nevertheless be reversed, because the defendant did not pay the whole of the consideration to Stewart. He paid part of it to Burr. It does not clearly appear that more than $1,600 was paid to Stewart. Any payments made to Burr, or to any person other than Stewart, were clearly unauthorized. And if it be assumed that Stewart had authority to receive from the defendant the money for the plaintiff, the case does not show, as a matter of law, that Stewart was authorized to disburse such money for the plaintiff, except said sum of $600, or to direct its payment by the defendant to any other person; nor does it appear that Stewart directed the defendant to make payment to any other person. No other reason is suggested by the defendant why this judgment should be affirmed.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.